UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CARLOS ESPINOZA, YOHAN RODRIGUEZ, WILIAM OCHOA, VICTOR LUGO ARIAS, STALIN SOLORANZO, SORNE POLANCO, OSIRIS CERDA, LUZ ALZATE, JUAN REYES, JOSE YUQUI, JOSE MONTERO, JESUS ALZAMORA, JESUS ALZAMORA, JR., GIANCARLOS VARGAS, ERNESTO GARCIA ZORRILLA, EDWIN MENDEZ RAMIREZ, SIMON SANTANA-LOPZ, JUAN SANCHEZ, GERARDO MACIAS, and all those similarly situated,

Plaintiff,

-against-

NEW YORK INSULATION, INC., NEW YORK INSULATION, LLC, ANTHONY CARDINALE, in his individual capacity, ANTONIO MARCIAL, in his individual capacity, and CESAR BALSECA, in his individual capacity,

Defendants.
-------------------------------------------------------------------X

Civil Action No.

**INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME AND WAGES UNDER THE FLSA**

**INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND WAGES UNDER NEW YORK STATE LAW**

**DEMAND FOR JURY TRIAL**

Plaintiffs, by their attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1.     Plaintiffs worked for Defendants company known as "New York Insulation, Inc." (hereinafter referred to as "New York Insulation") performing asbestos and lead removal at various sites throughout New York City and Long Island, New York, from in or around 2008 through December 2021.

2.     Plaintiffs regularly worked over forty hours per week, sometimes up to 90 hours per week, but Defendants did not pay them time and a half for the overtime hours they worked

each week.  Furthermore, Plaintiffs did not receive spread of hours pay and Defendants failed to provide them with wage notices and wage statements at the end of each pay period, as required by New York law.

3.      Plaintiffs were paid at rates ranging from $21.00 to $40.00 per hour during their employment. Irrespective of the number of hours worked per week, at no time did Defendants pay overtime at one and one-half times Plaintiffs' regular hourly rate. In a scheme to disguise or conceal Plaintiffs' overtime hours worked, Defendants issued payment for Plaintiffs' first forty (40) hours worked under Defendants' payroll, and for any overtime hours worked in excess thereof Plaintiffs was paid by separate check from various shell companies created by Defendants. Upon information and belief, Defendants systematically utilized this policy against all of Defendants' workers in an attempt to circumvent the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), New York Labor Law § 160 *et seq*. ("NYLL"), and The Wage Theft Prevention Act ("WPTA").

4.      Plaintiffs bring this action as a class and collective of similarly situated former employees to seek redress against Defendants for Defendants' failure to pay Plaintiffs at New York Insulation overtime wages, failure to pay spread of hour, failure to provide proper statements with each payment of wages and failure to provide annual wage rate notifications in violation of the FLSA, NYLL, and the WPTA.

## JURISDICTION

5.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 201, *et seq*., 28 U.S.C. §§ 1331, and has supplemental jurisdiction over Plaintiffs claims under the NYLL and WPTA pursuant to 28 U.S.C. §1367.

**VENUE**

6.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct a significant amount of business within this judicial district.

**PARTIES**

**Plaintiffs**

7.      Plaintiff Carlos Espinoza is a resident of the County of Union, State of New Jersey.

8.      Defendants employed Espinoza as a supervisor from 2007 through June 2021.

9.      Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

10.     Plaintiff Yohan Rodriguez was and still is a resident of Washington County, State of Maryland.

11.     Defendants employed Rodriguez as a handler from June 2009 through September 2020.

12.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

13.     Plaintiff William Ochoa was and still is a resident of Kings County, State of New York.

14.     Defendants employed Ochoa as a handler from 2009 through 2019.

15.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

3

16.     Plaintiff Victor Hugo Arias was and still is a resident of Queens County, State of New York.

17.     Defendants employed Arias as a handler from June 2013 through June 2019.

18.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

19.     Plaintiff Stalin Soloranzo was and still is a resident of Queens County, State of New York.

20.     Defendants employed Soloranzo as a handler from 2013 through March 2020.

21.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

22.     Plaintiff Sorne Polanco was and still is a resident of Nassau County, State of New York.

23.     Defendants employed Polanco as a handler from March 2014 through July 2021.

24.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

25.     Plaintiff Osiris Cerda was and still is a resident of Bronx County, State of New York.

26.     Defendants employed Cerda as a handler from March 2011 through July 2021.

27.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

28.     Plaintiff Luz Alzate was and still is a resident of Union County, State of New Jersey.

4

29.     Defendants employed Alzate as a handler from June 2015 through November 2019.

30.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

31.     Plaintiff Juan Reyes was and still is a resident of New York County, State of New York.

32.     Defendants employed Reyes as an asbestos handler from 2014 through December 28, 2021.

33.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

34.     Plaintiff Jose Yuqui was and still is a resident of Rockland County, State of New York.

35.     Defendants employed Yuqui as a handler and assistant supervisor from 2014 through March 2020.

36.     Plaintiff Jose Montero was and still is a resident of Hampden County, State of Massachusetts.

37.     Defendants employed Montero as a handler and truck driver from 2009 through June 2019.

38.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

39.     Plaintiff Jesus Alzamora was and still is a resident of Union County, State of New Jersey.

40.     Defendants employed Alzamora as an asbestos handler from 2008 to 2018.

41.     Plaintiff is a covered employee within the meaning of the NYLL and WPTA.

42.     Plaintiff Jesus Alzamora, Jr. was and still is a resident of Queens County, State of New York.

43.     Defendants employed Alzamora, Jr. as a handler from 2016 through 2019.

44.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

45.     Plaintiff Giancarlos Vargas was and still is a resident of Queens County, State of New York.

46.     Defendants employed Vargas as an asbestos handler from 2015 through 2019.

47.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

48.     Plaintiff Ernesto Garcia Zorrilla was and still is a resident of Washington County, State of Maryland.

49.     Defendants employed Zorrilla as an asbestos handler from November 2015 through December 2020.

50.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

51.     Plaintiff Edwin Mendez Ramirez was and still is a resident of Bronx County, State of New York.

52.     Defendants employed Ramirez as an asbestos handler from March 2012 through 2019.

53.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

54.     Plaintiff Simon Santana-Lopez was and still is a resident of Kings County, State of New York.

55.     Defendants employed Santana-Lopez as an asbestos handler from July 2015 through September 2019.

56.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

57.     Plaintiff Juan Sanchez was and still is a resident of Queens County, State of New York.

58.     Defendants employed Sanchez as an asbestos handler from November 2018 through December 2019.

59.     Plaintiff is a covered employee within the meaning of the FLSA, NYLL, and WPTA.

60.     Plaintiff Gerardo Macias was and still is a resident of Kings County, New York.

61.     Defendants employed Plaintiff Macias as an asbestos handler from 2010 to November 2018.

62.     Plaintiff is a covered employee within the meaning of the NYLL and WPTA.

**<u>Defendants</u>**

63.     New York Insulation is a company that provides asbestos, lead and mold abatement and various other services to clients throughout the City of New York and Long Island, New York. New York Insulation has been in operation since 1989 and has employed thousands of workers.

Throughout Plaintiffs' employment with Defendants, Plaintiffs worked between the hours of 7:00 a.m. and 12:00 p.m., Monday through Saturday. Plaintiffs worked on average eighty-seven (87) hours per week.

64.     Defendant New York Insulation Inc. is a domestic corporation organized and existing by virtue of the laws of the State of New York.

65.     Defendant New York Insulation, LLC, is a domestic limited liability corporation organized and existing by virtue of the laws of the State of New York.

66.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiff.

67.     Defendant New York Insulation is an "enterprise engaged in interstate commerce" within the meaning of FLSA.

68.     New York Insulation has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

69.     In the three years preceding the filing of this Complaint, New York Insulation has had an annual gross volume of sales in excess of $500,000.00.

70.     Defendant Anthony Cardinale is a resident of the State of New York.

71.     Defendant Anthony Cardinale was and still is the chief executive officer, president, principal, officer, director and/or manager of Defendants New York Insulation Inc. and New York Insulation, LLC.

72.     Defendant Anthony Cardinale actively controls and manages Defendants New York Insulation Inc. and New York Insulation, LLC, regulates the employment of persons

8

employed by corporate Defendants, acts directly and indirectly in the interest of the corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA, NYLL, and WPTA.

73.     Antonio Marcial is the Chief Operations Office for Defendant New York Insulation, Inc.

74.     Defendant Marcial exercised significant operational control over corporate affairs.

75.     Cesar Balseca is the Logistics Officer for Defendant New York Insulation, Inc.

76.     Defendant Balseca was in charge of making the daily schedules for Defendants and assigning duties to Defendants employees.

## **FACTS**

77.     Defendants own and/or operate an insulation company known as "New York Insulation, Inc.," located at 58-48 59th Street, 2nd Floor, Maspeth, New York 11378.

78.     New York Insulation, Inc. is a company that provides asbestos removal, lead and mold abatement, water detection and extraction.

79.     New York Insulation, Inc. has been in operation since 1989 and has employed thousands of workers.

80.     Plaintiffs and those similarly situated work duties included without limitation asbestos and lead paint removal and demolition on projects in Manhattan, Bronx, Queens and Long Island, New York.

81.     Throughout Plaintiffs' employment Defendants required Plaintiffs to incorrectly list on timesheets that Plaintiffs worked only eight (8) hours per day, forty (40) hours per week and was advised by Defendants not to list any overtime hours worked on the timesheets.

82.     For each week that Plaintiffs worked overtime in excess of forty (40) hours per week, Defendants paid Plaintiffs for their first forty (40) hours worked under Defendants' payroll and for overtime hours worked in excess thereof Defendants paid Plaintiffs by separate check from various companies at their regular hourly rate.

83.     Upon information and belief, the companies listed on the checks for payment of Plaintiffs overtime hours worked were shell companies created by Defendants to avoid paying overtime wages required under the FLSA and NYLL.

**Overtime**

84.     Plaintiffs and other similarly situated workers were and entitled to be paid at least the greater of one and one-half times the federal and New York State minimum wage or their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to 29 U.S.C. § 207 and the NYLL.

85.     Defendants continue to maintain, a policy and practice of failing to pay their employees the greater of one- and one-half times the federal or New York State minimum wage or their regular hourly work rate for any hours that they work in excess of 40 per workweek.

86.     During the relevant time periods, Defendants did not pay Plaintiffs and other similarly situated workers one- and one-half times the greater of the federal or New York State minimum wage or their regular hourly work rate for any hours that they worked in excess of 40 per workweek, in violation of the FLSA and NYLL.

**Spread of Hours**

87.     Plaintiffs were and still are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10)

hours or a shift in excess of ten (10) hours ("spread of hours wages"), pursuant to NYLL §§ 190, et seq., and 650, et seq., and 12 NYCRR § 142-2.4.

88.     During the relevant time periods, each of the Plaintiffs worked shifts in excess of ten (10) hours per day and were entitled to receive spread of hours wages.

89.     In violation of the NYLL and NYCRR, Defendants failed to pay Plaintiffs and other similarly situated workers spread of hours premium pay, an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

90.     Defendants' failure to pay spread of premium pay was intentional and willful.

**Plaintiffs' Wages and Hours Worked**

91.     Plaintiff Espinoza was employed by Defendants from 2007 through June 2021 as a Supervisor. For each and every week of his employment, Mr. Espinoza worked from 7:00 a.m. to 3:00 p.m. and 3:00 p.m. to 12:00 a.m., Monday through Saturday.

92.     Plaintiff Rodriguez was employed by Defendants from June 2009 through September 2020 as an asbestos handler.  For each and every week of his employment, Mr. Rodriguez worked from 7:00 a.m. to 3:00 p.m. and 3:00 p.m. to 11:00 p.m., Monday through Saturday

93.     Plaintiff Ochoa was employed by Defendants from 2009 through 2019 as an asbestos handler.  For each and every week of his employment, Mr. Ochoa worked from 7:00 a.m. to 11:30 p.m., Monday through Saturday.

94.     Plaintiff Arias was employed by Defendants from June 2013 through June 2019 as an asbestos handler.  For each and every week of his employment, Mr. Arias worked from 7:00

a.m. to 3:00 p.m. and 3:00 p.m. to 11:00 p.m., Monday through Saturday.

95.     Plaintiff Soloranzo was employed by Defendants from 2013 through March 2020 as an asbestos handler.  He worked over forty (40) hours a week on a regular basis.

96.     Plaintiff Polanco was employed by Defendants from March 2014 through July 2021 as an asbestos handler.  For each and every week of his employment, Ms. Polanco worked from 7:00 a.m. to 12:00 p.m. and 12:00 p.m. to 11:00 p.m., Monday through Friday.

97.     Plaintiff Cerda was employed by Defendants from March 2011 through July 2021 as an asbestos handler.  For each and every week of his employment, Mr. Cerda worked from 7:00 a.m. to 3:00 p.m. and 3:30 p.m. to 11:30 p.m., Monday through Saturday.

98.     Plaintiff Alzate was employed by Defendants from June 2015 through November 2019 as an asbestos handler.  For each and every week of his employment, Ms. Alzate worked from 7:00 a.m. to 3:00 p.m. and 3:00 p.m. to 11:00 p.m., Monday through Friday.

99.     Plaintiff Reyes was employed by Defendants from 2014 through December 2021 as an asbestos handler.  For each and every week of his employment, Mr. Reyes worked from 7:00 a.m. to 3:00 p.m. and 5:00 p.m. to 12:00 a.m., Monday through Friday.

100.     Plaintiff Yuqui was employed by Defendants from 2014 through March 2020 as an asbestos handler and an assistant supervisor.  For each and every week of his employment, Mr. Yuqui worked from 8:00 a.m. to 4:00 p.m. and 4:00 p.m. to 11:00 p.m., Monday through Saturday.

101.     Plaintiff Montero was employed by Defendants from 2009 through June 2019 as a truck driver and asbestos handler.  For each and every week of his employment, Mr. Montero worked from 6:00 a.m. to 3:00 p.m. and 3:00 p.m. to 11:00 p.m., Monday through Saturday.

102.     Plaintiff Alzamora was employed by Defendants from 2008 through 2018 as an

12

asbestos handler.  For each and every week of his employment, Mr. Alzamora worked from 7:00 a.m. to 11:00 p.m., Monday through Friday.

103.    Plaintiff Alzamora, Jr. was employed by Defendants from around 2016 through 2019 as an asbestos handler. For each and every week of his employment, Mr. Alzamora, Jr. worked from 8:00 a.m. to 4:00 p.m. and 4:00 p.m. to 12:00 a.m., Monday through Friday.

104.    Plaintiff Vargas was employed by Defendants from 2015 through 2019 as an asbestos handler.  For each and every week of his employment, Mr. Vargas worked from 7:00 a.m. to 3:00 p.m. and 5:00 p.m. to 12:00 a.m., Monday through Saturday.

105.    Plaintiff Zorilla was employed by Defendants from November 2015 through December 2020 as an asbestos handler.  For each and every week of his employment, Mr. Zorilla worked from 7:00 a.m. to 3:00 p.m. and 3:00 p.m. to 11:00 p.m., Monday through Saturday.

106.    Plaintiff Ramirez was employed by Defendants from March 2012 through 2019 as an asbestos handler.  For each and every week of his employment, Mr. Ramirez worked from 7:00 a.m. to 3:00 p.m. and 3:00 p.m. to 7:00 p.m., Monday through Monday.

107.    Plaintiff Santana-Lopez was employed by Defendants from July 2015 through September 2019 as an asbestos handler.  For each and every week of his employment, Mr. Santana-Lopez worked from 7:00 a.m. to 3:30 p.m. and 4:00 p.m. to 11:00 p.m., Monday through Saturday.

108.    Plaintiff Sanchez was employed by Defendants from November 2018 through December 2019 as an asbestos handler.  For each and every week of his employment, Mr. Sanchez worked from 7:30 a.m. to 3:30 p.m. and 3:30 p.m. to 11:00 p.m., Monday through Friday.

109.    Plaintiff Macias was employed by Defendants from 2010 through November 2018 as an asbestos handler.  For each and every week of his employment, Mr. Reyes worked from 7:00

a.m. to 3:00 p.m. and 3:00 p.m. to 11:00 p.m., Monday through Friday.

110. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiffs' employment and payment of wages and were Plaintiffs' employer as defined under the FLSA and NYLL.

111. The work performed by Plaintiffs were non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

112. Plaintiffs were entitled to be paid at least one and one-half of Plaintiffs' respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiffs worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

113. Throughout Plaintiffs' employment, Plaintiffs worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

114. At no time during Plaintiffs' employment were Plaintiffs paid one and one-half times Plaintiffs' regular hourly rate for any hours that Plaintiffs worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

115. At all relevant times, Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

116. At all relevant times, Plaintiffs were entitled to annual Wage Theft Prevention Act notifications notifying Plaintiffs of Plaintiffs' hourly rate of pay.

117. At no time during Plaintiffs' employment were Plaintiffs provided with proper wage payment statements and WTPA notifications.

## COLLECTIVE ACTION ALLEGATIONS

118.    Plaintiffs brings this action on behalf of Plaintiffs and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

119.    Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

120.    Plaintiffs brings Plaintiff's FLSA claims on behalf of Plaintiffs and others similarly situated, namely employees of Defendants who worked as laborers from the period of January 1, 2019, to the date of final judgment in this matter, who were not paid their full overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt into this action (hereinafter referred to as the "NY Insulation Collective").

121.    Upon information and belief, the NY Insulation Collective consists of over five hundred (500) similarly situated individuals who have not been paid their full overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

122.    Defendants have failed to pay all overtime wages owed to employees other than those in the NY Insulation Collective, and Plaintiff reserves the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

123.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

124.    Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

125.    Plaintiff brings this action as representatives of a class of all other persons similarly situated.

126.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring their claims for relief to redress Defendant's violations of the New York Labor Laws on behalf of themselves collectively, and each of them individually and on behalf of those similarly situated.

127.    Pursuant to F.R.C.P. 23 (b)(1), class certification is appropriate in the within action because the prosecution of separate actions by class members would result in either inconsistent adjudications establishing incompatible pay practices, and/or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

128.    Pursuant to F.R.C.P. 23 (b)(3), class certification is appropriate in the within action because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

129.    Plaintiffs seeks the certification of a class of all persons who, during the relevant time period of January 1, 2016 to the date of final judgment in this matter, have been employed by Defendants as laborers; were not paid overtime wages for hours worked in excess of forty (40) hours per week; and were not provided wage payment statements and annual hourly wage rate notifications (hereinafter referred to as the "NY Insulation Class").

130.    Upon information and belief, the NY Insulation Class includes over one thousand (1,000) similarly situated individuals who have not been paid overtime wages, have not received

wage payment statements and annual hourly wage rate notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

131.    The NY Insulation Class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

132.    There are questions of law and fact common to all members of the NY Insulation Class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

133.    Common questions of law and fact include, but are not limited to, the following:

A.    Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

B.    Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

C.    Whether Defendants have consistently failed to provide wage payment statements as required by the NYLL; and

D.    Whether Defendants have consistently failed to provide annual hourly wage rate notifications as required by the NYLL.

134.    Plaintiffs' wage and hour claims and Defendants anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

135.     Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and has suffered similar injuries as, the members of the class Plaintiffs seek to represent.

136.     Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor Plaintiffs' counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

137.     Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

138.     Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS-WIDE FACTUAL ALLEGATIONS

139.     Plaintiff and members of the NY Insulation Class have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the NYLL by denying them, including without limitation, their full overtime wages, wage statements and annual hourly wage rate notifications.

140.    As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the NY Insulation Class by engaging in a pattern, practice and/or policy of violating the NYLL.

141.    Defendants have substantially benefitted and profited from the work that Plaintiffs and the NY Insulation Class have performed.

142.    Defendants failed to keep accurate records of the hours worked by the Plaintiffs and the NY Insulation Class.

143.    Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

144.    Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

145.    Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the NY Insulation Class.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime under the FLSA)*

146.    Plaintiffs repeat and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

147.    At all relevant times, Plaintiffs and the NY Insulation Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

148.    At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

149.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

150.     As the Defendants shared control of the services of the Plaintiffs and the NY Insulation Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

151.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

152.     Defendants expected Plaintiffs and the NY Insulation Collective to work more than forty (40) hours a week, and Plaintiffs and the NY Insulation Collective regularly worked more than forty (40) hours a week throughout their employment.

153.     At no time have the Defendants paid Plaintiffs and the NY Insulation Collective a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

154.     Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the NY Insulation Collective for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

155.     As a result of Defendants' violations of the law and failures to pay Plaintiffs and the NY Insulation Collective required overtime wages, Plaintiffs and the NY Insulation Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

156.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the NY Insulation Collective was in compliance with the law,

Plaintiffs and the NY Insulation Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the NYLL)*

157.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

158.    At all relevant times, Plaintiffs and the NY Insulation Class were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

159.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

160.    Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

161.    Defendants expected Plaintiffs and the NY Insulation Class to work more than forty (40) hours a week, and Plaintiffs and the NY Insulation Class regularly worked more than forty (40) hours a week throughout their employment.

162.    At no time have the Defendants paid Plaintiffs and the NY Insulation Class a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

163.    Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the NY Insulation Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

164.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the NY Insulation Class required overtime wages, Plaintiffs and the NY Insulation Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

165.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the NY Insulation Class was in compliance with the law, Plaintiffs and the NY Insulation Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

166.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

167.    At all relevant times, Defendants failed to provide Plaintiffs and the NY Insulation Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

168.    As Defendants failed to provide Plaintiffs and the NY Insulation Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs and the NY Insulation Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification Under the NYLL)*

169.    Plaintiffs repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

22

170.    Defendants were obligated to provide Plaintiffs and the NY Insulation Class with an annual Wage Theft Prevention Act notification of Plaintiffs and the NY Insulation Class's pay rate upon the commencement of employment and annually thereafter.

171.    At all relevant times, Defendants failed to provide Plaintiffs and the NY Insulation Class with Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

172.    As Defendants failed to provide Plaintiffs and the NY Insulation Class with proper Wage Theft Prevention Act Notice upon the commencement of employment and annually thereafter as required by NYLL § 195, Plaintiffs and the NY Insulation Class are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, on Plaintiffs' own behalf and on behalf of all others similarly situated, seek the following relief:

A. On the First Cause of Action against Defendants for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action against Defendants for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for

every workday in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action against Defendants for failing to provide annual wage rate notifications in an amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

E. Interest;

F. Costs and disbursements; and

G. Such other and further relief as is just and proper.

Dated: Melville, New York
June 6, 2022

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

John C. Luke, Jr.
*Attorneys for Plaintiffs*
*and all of those similarly situated*
445 Broad Hollow Road, Suite 419
Melville, New York 11747
(631) 420-9300

## <u>DEMAND TO PRESERVE EVIDENCE</u>

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

25